## Heidelberg Township Supervisor.

*Township supervisors—Second class townships—Vacancies—Petitions in two parts, addressed to different courts.*

Under section 180 of the Act of July 14, 1917, P. L. 840, providing for the appointment for the unexpired term by the Court of Quarter Sessions in case of vacancy in the office of township supervisor, the fact that the petition was presented in two parts, one to the Court of Quarter Sessions, praying for the appointment of a proper person to fill a vacancy in the office of supervisor "until the next election," and the other to the Court of Common Pleas of the same county, praying for an appointment "for the unexpired term," both bound in one cover and presented to the Court of Quarter Sessions, does not avoid the appointment where the court made an order thereon making the appointment "as prayed for," since it will be assumed that the court had in mind the prayer which accorded with the provisions of the act, which was "for the unexpired term."

Petitions for the appointment of a proper person to fill an alleged vacancy in the office of township supervisor in Heidelberg Township. Q. S. York Co.

*Harvey A. Gross,* for petition for appointment of Bollinger.

*C. W. Albert Rochow,* for appointment of Little.

STOCK, J., April 4, 1927.—March 7, 1927, a petition was presented to this court, alleging that a vacancy now exists in the office of township supervisor of the Township of Heidelberg by reason of an alleged defective appointment heretofore made, and praying for the appointment of Samuel H. Bollinger to fill such vacancy. This petition is signed by one of the supervisors of said township and by more than ten voters who are owners of real estate in said township. Supplemental petitions praying for the appointment of the same person were filed March 21, 1927, and March 28, 1927. March 21, 1927, a petition was filed alleging that Samuel H. Bollinger is not a proper person to be appointed to said office, and praying for the appointment of Walter W. Little. This petition is signed by one of the township supervisors of said

township and by more than ten voters who are owners of real estate in said township.

A hearing was had on the facts alleged in these petitions. This, however, is not a proceeding to remove a township supervisor, but to appoint a successor to fill a vacancy. The primary question for determination is, Does a vacancy exist?

On Dec. 1, 1924, the Court of Quarter Sessions of the Peace of York County appointed Samuel H. Bollinger to fill the vacancy in the office of supervisor of Heidelberg Township. Bollinger accepted the appointment and assumed the duties of the office, and has served in that capacity ever since. If this appointment be regular, no vacancy exists.

The alleged irregularities in this appointment are confined to the form of the petition. Section 180 of the General Township Act, approved July 14, 1917, P. L. 840, provides for the appointment in case of vacancy in the office of supervisor of townships of the second class by the Court of Quarter Sessions upon presentation of a petition signed by a supervisor and not less than ten voters who are owners of real estate in the township. The petition presented Dec. 1, 1924, is signed by two supervisors and also by more than ten voters who were at that time owners of real estate in Heidelberg Township. The court, therefore, had jurisdiction. The fact that this petition was prepared in two parts, the one addressed to the proper court and the other addressed to the Court of Common Pleas, which parts were fastened together to form one petition, and was presented to the Court of Quarter Sessions and acted upon by the court, certainly does not invalidate the appointment. The order endorsed on the petition by the clerk is: "Filed Dec. 1, 1924, and appointment made as prayed for." The prayer of the petition in the one part is: "To fill the said vacancy until the next election for township offices;" and in the second is to appoint "To serve as such for the unexpired term made vacant by the resignation of Paul N. Miller." As these inconsistent prayers exist in the same petition, it is only fair to assume that the court had in mind the prayer which accorded with the provisions of the act of assembly above referred to and that the court made the appointment for the unexpired term.

It may be pointed out, in passing, that section 145 of the Act of 1917 provides a term of six years for township supervisors. Section 146 provides that their terms shall expire in regular succession every two years, so that but one supervisor is elected at any one time. Section 180 is mandatory in its requirements: "The Courts of Quarter Sessions shall . . . appoint a person to fill the vacancy for the unexpired term of the person whose place he is appointed to fill." It would, therefore, follow that since this court had jurisdiction to appoint on the petition filed Dec. 1, 1924, and since this court did exercise such jurisdiction, no appointment could be made other than one for the unexpired term.

If this court should act now and appoint another after the previous appointee had accepted the appointment and had assumed the office, only confusion would be created and uncertainty would follow as to the rights of the respective appointees to hold office, which would seriously affect the legality of all corporate acts of the board of township supervisors. In order to avoid such uncertainty and to remove all possible doubt concerning the form of appointment heretofore made, the following order is made:

And now, to wit, April 4, 1927, Samuel H. Bollinger is hereby appointed township supervisor of the Township of Heidelberg for the unexpired term of Paul N. Miller.

From Richard E. Cochran, York, Pa.